FORMER EMPLOYEES OF R.L.D. DRESS CO., PLAINTIFF  v.
U.S. SECRETARY OF LABOR, DEFENDANT

Court No. 89–08–00490

(Decided June 14, 1990)

*Mary Bell, pro se,* for plaintiff.
*Stuart M. Gerson,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, (*M. Martha Ries*); United States Department of Labor (*Scott Glabman*), for defendant.

DICARLO, *Judge:* Former employees of R.L.D. Dress Co. move pursuant to Rule 56.1 of the Rules of this Court to challenge the decision of the Secretary of Labor denying certification for trade adjustment assistance benefits under 19 U.S.C. § 2272 (1988). This Court has jurisdiction under 19 U.S.C. § 2395 (1988) and 28 U.S.C. § 1581(d)(1) (1988).

### DISCUSSION

Trade adjustment assistance is available to workers separated from employment when the Secretary of Labor determines, *inter alia,*

that increases of imports of articles like or directly competitive with articles produced by such workers' firm or an appropriate subdivision thereof contributed importantly to such total or partial separation, or threat thereof, and to such decline in sales or production.

19 U.S.C. § 2272(a)(3) (1988). Labor denied the plaintiffs' petition for trade adjustment benefits because they did not satisfy this requirement.

The statute provides that "contributed importantly" means "a cause which is important but not necessarily more important than any other cause." 19 U.S.C. § 2272(b)(1) (1988). This provision requires a causal nexus between increased imports and the workers' separation. *Retail Clerks Int'l Union* v. *Donovan*, 10 CIT 308, 311 (1986). A causal nexus exists when there is a "direct and substantial relationship between increased imports and a decline in sales and production." *Estate of Finkle* v. *Donovan*, 9 CIT 374, 382, 614 F. Supp. 1245, 1251 (1985).

The record shows that during the period under investigation R.L.D. had only one customer. When questioned by Labor, that customer reported no increase in its purchases of foreign merchandise and an overall increase in its purchases of domestically produced goods. *See* R. 25. Information in the confidential record indicates a specific reason why R.L.D. was unable to meet the prices charged by its domestic competition. *See* Conf. R. 33.

Plaintiffs assert that foreign competition forced R.L.D.'s customer to seek less expensive sources of women's clothing and caused R.L.D. to close its operation. In support of this assertion, plaintiffs submitted documents showing that between 1980 and 1988 apparel imports increased from 30% to 60% of all garments sold in the United States. Plaintiffs' Brief, Attachment 1. According to the plaintiffs, imported garments are sold in the United States at prices the domestic industry cannot meet. In addition, the number of production workers making dresses in the women's garment industry decreased from approximately 183 thousand in 1973 to approximately 67 thousand in 1988. Plaintiffs' Brief, Attachment 2.

Labor's investigation was limited to the period between 1986 and June 1988. R. 24–25. In *Paden* v. *United States Dep't of Labor*, 562 F.2d 470 (7th Cir. 1977), the court upheld Labor's practice of only considering the effect of imports entered during the year of separation and the immediately preceding year. This practice diminishes the "consideration of factors which, while affecting employment, are not within coverage of the act." *Id.* at 473. *Smith* v. *Brock*, 12 CIT 1009, 698 F. Supp. 938, 942 (1988). Consquently, Labor need not have considered the general downturn in the women's garment industry over the past decade.

Inexpensive foreign manufactured dresses may have forced domestic producers to lower their prices in order to remain competitive. The plaintiffs' separations from R.L.D. appear, however, to have been the result of R.L.D.'s inability to meet its domestic competition. It is, therefore, insufficient to establish the causal nexus required to show eligibility for trade adjustment benefits.

Trade adjustment assistance was not intended to provide benefits to all workers who can trace their job loss to foreign competition. *Former Employees of CSX Oil & Gas*, 13 CIT 645, 720 F. Supp. 1002, 1006–07 (1989). To qualify for benefits, separated workers must satisfy all of the

requirements of 19 U.S.C. § 2272(a). This often results in the denial of benefits to plaintiffs separated from employment in industries facing intense foreign competition. *See Pemberton* v. *Marshall*, 639 F.2d 798, 800 (D.C. Cir. 1981) ("The benefits of the Act are not universal and some hardship may result.").

## CONCLUSION

The findings of the Secretary of Labor must be upheld if they are supported by substantial evidence on the record. 19 U.S.C. § 2395(b) (1988). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Matsushita Elec. Indus. Co.* v. *United States*, 3 Fed. Cir. (T) 44, 51, 750 F.2d 927, 933 (1984) (quoting *Universal Camera Corp.* v. *NLRB*, 340 U.S. 474, 477 (1951); *Consolidated Edison Co.* v. *NLRB*, 305 U.S. 197, 229 (1938)). The Court finds Labor's negative determination to be supported by substantial evidence on the record and in accordance with law. Accordingly, judgment is entered in favor of the defendant.